# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FREDERICK REED,**

      **Petitioner,**

v.                                        **CIVIL ACTION NO. 3:13cv33**
                                                 **(Judge Groh)**

**ANNE MARY CARTER,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I.

### BACKGROUND

On March 15, 2013, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. The petitioner paid the $5.00 filing fee on that same date. This matter is pending for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II.

### FACTS

On October 18, 2002 the petitioner pleaded guilty in the United States District Court for the Southern District of Georgia, to the possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§922(g)(1) and 924(e), (Dkt.#16)[1]. On October 21, 2002 the petitioner was sentenced to the custody of the Bureau of Prison ("BOP") for 188 months, (Dkt.#17). On May 22, 2003, the petitioner filed a motion for habeas relief pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel. Specifically, the petitioner alleged that he requested that his counsel file an appeal in his

---

[1] All of the procedural facts can be found at the petitioner's criminal docket 5:02cr00006, available on PACER.

case; however, counsel never filed an appeal. (Dkt.#21). On November 13, 2003 an evidentiary hearing was held regarding the petitioner's motion to vacate under §2255. (Dkt.#35). The petitioner's motion to vacate under §2255 was granted on January 26, 2004. (Dkt.#38). On that same date, the petitioner was again sentenced to 188 months in the BOP custody. (Dckt.#40).

On January 29, 2004 the petitioner filed a Notice of Appeal. (Dkt.#41). The United States Court of Appeals for the Eleventh Circuit dismissed the petitioner's appeal on December 21, 2004. (Dkt.#53).

## III.

## ISSUE PRESENTED

In his pending §2241 motion, the petitioner alleges that his sentence was improperly enhanced. More specifically the petitioner alleges that his sentence was improperly enhanced under § 924(g)[2] because his 1986 strong arm robbery conviction was not a violent felony for ACCA purposes.

## IV. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. §2255. A §2241 motion is used to attack the manner in which a sentence is executed. Thus, a §2241 motion that challenges a federal conviction and sentence is properly construed to be a §2255 motion. The only exception to this conclusion is where a §2241 motion attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in §2255. Section 2255 states:

---

[2] 18 USC § 924(e)(1) provide that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court....for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be...imprisoned not less than fifteen years....

> An application for a write of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changes such that the conduct of which the prison was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Therefore, the remedy provided under §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under §2241. Based on the language in Jones it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11cv9, 2012 WL 509852 (N.D.W. Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (emphasis added) (refusing to extend the savings

clause to reach the petitioner's claim that he was actually innocent of being a career offender). Here, the petitioner does not assert that the conduct for which he was actually convicted, being a convicted felon in possession of a firearm, is no longer criminal. See In re Jones, 226 F.3d at 334. Accordingly, he is not entitled to proceed under § 2241. See, e.g., James v. Stansberry, No. 3:08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009) (collecting cases): See also Cooper v.Warden FCI Williamsburg, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1, 2010) ("Petitioner's action seeking a determination that he is actually innocent of a[n] [ACCA] sentence enhancement fails to state a cognizable § 2241 claim.").

Accordingly, relying on the decision in Petty, and the guidance of the Fourth Circuit in Darden, the undersigned concludes that the petitioner has failed to state a cognizable § claim. See also Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006): Green v. Hemingway, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v, v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D.W. Va. May 1, 2012).

**V. RECOMMENDATION**

Based on the foregoing reasoning, the undersigned recommends that this matter be

**DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the District Court Judge. Failure to file timely objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Ci. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 30, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE