**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**FREDERICK REED,**

       Petitioner,

**v.**                           **CIVIL ACTION NO. 3:13-CV-33
(JUDGE GROH)**

**ANNE MARY CARTER,**

       Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull.  Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Judge Kaull for submission of a proposed Report and Recommendation.  Judge Kaull filed his Report and Recommendation [Doc.8] on May 30, 2013.  In that filing, he recommended that this Court deny and dismiss with prejudice Petitioner's Application for Habeas Corpus pursuant to 28 U.S.C. § 2241.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  ***Thomas v. Arn**, 474 U.S. 140,*

150, 106 S. Ct. 466 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order.  **28 U.S.C. § 636(b)(1)**; ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Kaull's Report and Recommendation were due within fourteen (14) days after being served with a copy pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  Petitioner accepted service of the Report and Recommendation on June 3, 2013.  Petitioner timely filed his objections on June 14, 2013.  Accordingly, this Court will undertake a *de novo* review of those portions of Judge Kaull's findings to which objection is made.  This Court will review the remainder of the Report and Recommendation for clear error.

## I. Background

On April 4, 2002, Petitioner was indicted on three counts, including possession of a firearm by a convicted felon.[1]  On October 18, 2002, Petitioner pled guilty in the United States District Court for the Southern District of Georgia to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  On October 21, 2002, Petitioner was sentenced to the custody of the Bureau of Prisons ("BOP") for 188 months.  On May 22, 2003, Petitioner filed a motion for habeas relief pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel.  Petitioner alleged that he requested his counsel file an appeal in his case.  However, Petitioner's counsel never filed an appeal.  On

---

[1]The Court found the following procedural facts upon review of Petitioner's docket sheet in his underlying criminal conviction.  *See **United States of America v. Reed***, 5:02-CR-06  (S.D. Ga. 2002).

2

November 13, 2003, the sentencing court held an evidentiary hearing regarding Petitioner's motion to vacate under § 2255.  On January 26, 2004, Petitioner's motion to vacate under § 2255 was granted.  On the same date, Petitioner was again sentenced to 188 months imprisonment.

On January 29, 2004, Petitioner filed a Notice of Appeal.  On December 21, 2004, the United States Court of Appeals for the Eleventh Circuit dismissed Petitioner's appeal.

On March 15, 2013, Petitioner Frederick D. Reed, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this Court.  Petitioner attacks his sentence on the basis that it was improperly enhanced because his 1986 strong arm robbery conviction was not a violent felony for purposes of the Armed Career Criminal Act.  On March 15, 2013, Petitioner paid the $5.00 filing fee.

On May 30, 2013, Judge Kaull completed an initial review and Report and Recommendation that recommended this Court deny and dismiss with prejudice Petitioner's Petition for Writ of Habeas Corpus.  On June 3, 2013, Petitioner accepted service of the Report and Recommendation.  On June 14, 2013, Petitioner filed his objections.   Accordingly, this matter is ripe for the Court's review.

## II.  Analysis

Petitioner objects to Judge Kaull's Report and Recommendation because (1) Petitioner alleged his sentence was improperly enhanced under § 924(e)(1), not § 924(g) as stated in the Report and Recommendation and (2) Petitioner argues he satisfied the requirements of the "savings clause" under § 2255 because he did not receive any § 2255 substantive ruling on the correctness of the sentencing court's

application of a two-point sentencing enhancement.

**1.    Petitioner's Sentence Enhancement**

Petitioner objects to Judge Kaull's Report and Recommendation because it stated that Petitioner "alleges that his sentence was improperly enhanced under §  924(g) . . . ."  Petitioner contends that his sentence was improperly enhanced under §  924(e)(1), not § 924(g).

A petition filed under 28 U.S.C. § 2241 must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence.  Relief under 28 U.S.C. § 2241 is permitted for actions involving the computation of credit for pretrial detention, good time, and those seeking to shorten court-ordered sentences that are administered by prison officials.  *See **Reno v. Koray***, 515 U.S. 50, 52-55, n.1, 115 S. Ct. 2021 (1995).  On the other hand, a prisoner files a 28 U.S.C. § 2255 petition to argue his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  **28 U.S.C. § 2255**.

In reviewing the Amended Judgment in Petitioner's criminal case 5:02-CR-06, Petitioner pled guilty to Count 3, possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Section 922(g)(1) provides that "[i]t shall be unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or

to receive any firearm or ammunition which has been shipped to transported in interstate or foreign commerce." Section 924(e)(1) provides that "[i]n the case of a person who violates section 922(g) of this title and has three previous conviction by any court . . . for a violent felony or a serious drug offense, or both, . . . such person shall be . . . imprisoned not less than fifteen years . . . ." In Petitioner's objections, he argues that the sentencing court improperly found his 1986 strong arm robbery conviction qualified as a conviction of a crime punishable by imprisonment for a term exceeding one year under § 922(g)(1).

Petitioner attacks his sentence by arguing that the sentencing court imposed his sentence in violation of the laws of the United States. This relief is not proper under 28 U.S.C. § 2241. Rather, Petitioner is seeking relief under 28 U.S.C. § 2255. Accordingly, Petitioner must satisfy the "savings clause" to proceed with his claim under a § 2241.

**2.    Petitioner's § 2241 Petition Does Not Satisfy the "Savings Clause"**

As established above, Petitioner is seeking § 2255 relief. Therefore, the proper vehicle for challenging a conviction or the imposition of his sentence is a § 2255 petition. However, Petitioner is entitled to file a § 2241 petition if he can demonstrate that § 2255 is an inadequate or ineffective remedy. *See In re Jones*, 226 F.3d 328 (4th Cir. 2000). The Fourth Circuit Court of Appeals explained that § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law

5

changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

***Jones***, 226 F.3d at 333-34.

In order for his petition to proceed, Petitioner must satisfy the savings clause. Precedent from the Fourth Circuit Court of Appeals "does not support the extension of the savings clause to petitioners who challenge only their sentences." ***United States v. Poole***, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Rather, case law has "confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction." ***Darden v. Stephens***, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam). In this case, it is clear that Petitioner does not satisfy the three-part test. Importantly, Petitioner cannot satisfy the second element as violations of 18 U.S.C. § 924(g)(1) remain criminal offenses. Petitioner does not assert that the conduct for which he was actually convicted, being a felon in possession of a firearm, is no longer criminal. *See In re Jones*, 226 F.3d at 334.

Petitioner argues that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention because he could not satisfy the requirements of a cause of action necessary to proceed with a successive § 2255 motion. This argument is unpersuasive. Relief under § 2255 is not inadequate or ineffective merely because it has become unavailable under § 2255 as a result of a limitation bar prohibiting a successive petition or a procedural bar for failure to raise the issue on direct appeal. ***In re Vial***, 115 F.3d 1192 (4th Cir. 1997). Therefore, Petitioner has failed to state a

cognizable claim under 28 U.S.C. § 2241.

### III. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 8]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the Petitioner's Objections **[Doc. 10]** are **OVERRULED**. It is further ordered that Petitioner's § 2241 petition is **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

**DATED**: June 19, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE